UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIDS SQUAD LLC,<br><br>                Plaintiff,<br><br>v.<br><br>GUANGZHOU HUI DE E-TRADE CO., LTD., GUANGZHOU YIKONG ELECTRONIC COMMERCE CO., LTD., SHENZHEN SHI YANWU ZHINENG JIAJU YOUXIAN GONGSI LTD., and SHENZHEN HONGQUAN INTERNATIONAL CO., LTD.,<br><br>                Defendants. | Case No. 23-cv-07764 |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER 

**THIS MATTER** comes before the Court on the application of Kids Squad LLC ("Plaintiff"), brought by way of Order to Show Cause, for entry of a Preliminary Injunction (the "Application") against Defendants Guangzhou hui de E-Trade Co., Ltd., Guangzhou Yikong Electronic Commerce Co., Ltd., Shenzhen Shi Yanwu Zhineng Jiaju Youxian Gongsi Ltd., Shenzhen Hongquan International Co., Ltd. (collectively, "Defendants"); and

**THE COURT** having reviewed the papers in support of the Application; and a hearing having been held on September 28, 2023, and the Court having found that Plaintiff meets the criteria for entry of preliminary injunctive relief; and

This Court further finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial Amazon Storefronts through which New York residents can purchase products

("Accused Products") that infringe at least Claim 1 of Plaintiff's U.S. Patent No. 11,684,863 (the '863 Patent) identified within Plaintiff's Complaint [ECF No. 5].

**THIS COURT** having determined that the evidence submitted in support of the Application establishes Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted. The continued infringement of Plaintiff's '863 Patent irreparably harms Plaintiff through loss of exclusivity, loss of future sales, and damage to Plaintiff's reputation. Money damages fail to address such damage. Further, the public interest is served by entry of this Preliminary Injunction to protect Plaintiff's interest in its patent and that the public interest is best served by enforcing patents that are valid and infringed. For these reasons, and the findings of fact and conclusions set forth in the Temporary Restraining Order, the issuance of a preliminary injunction is warranted and that such injunction is warranted under Federal Rule Of Civil Procedure 65.

**NOW THEREFORE**, on this ___ day of _____, _____, this Court ORDERS that:

1. Defendants, their parent companies, subsidiaries, agents, officers, employees, and attorneys, and other persons who are in active concert or participation with any of the foregoing, are enjoined, pending a final determination of this action [or further order of this Court] from:

    a. Making, using, offering to sell, or selling within the United States, or importing into the United States, or actively inducing others to make, use, offer to sell, or sell within the United States or to import into the United States: (i) any Accused Products identified in the Complaint [ECF No. 5], or (ii) any product that infringes the '863 Patent;

    b. Using, linking to, transferring, selling, or otherwise exercising control over the Defendants Amazon Storefronts, or any other domain name or online

       marketplace account that is being used to sell or is the means by which Defendants could continue to sell Accused Products;

    c. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which infringes the '863 Patent; and

    d. Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product that infringes the '863 Patent.

2. Each Defendant, within fourteen (14) days after receiving notice of this Order shall serve upon Plaintiff a written report under oath providing: (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including by way of example, Amazon, Bank of China, PayPal, and (d) the steps taken by each Defendant to comply with paragraph 1, a through d, above.

3. Within five (5) days of receipt of this Order, Amazon, and any other online marketplace platform or service provider hosting or serving a Defendant Amazon Storefront are directed to disable and cease providing services for any Defendant Amazon Storefront through which Defendants engage in the sale of Accused Products that infringe the '863 Patent, including any accounts associated with the Defendants.

4. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any Defendant Amazon Storefront,

including, without limitation, any online marketplace platforms shall, within five (5) days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control related to:

a. The identities and locations of Defendants, their agents, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b. The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendant Amazon Storefronts and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Amazon Storefronts; and

c. Any financial accounts owned or controlled by Defendants, including their agents, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Bank of China, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. For the reasons stated in the Court's September 5, 2023 Order [Dk . No. 12], Plaintiff may provide notice of these proceedings to Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiff and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from Amazon and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of this action and afford them the opportunity to present their objections.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

8. The two thousand dollar ($2,000.00) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Dated: Oct 2, 2023

_____
UNITED STATES DISTRICT JUDGE

5