UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIDS SQUAD LLC,

        Plaintiff,

v.

GUANGZHOU HUI DE E-TRADE CO., LTD., GUANGZHOU YIKONG ELECTRONIC COMMERCE CO., LTD., SHENZHEN SHI YANWU ZHINENG JIAJU YOUXIAN GONGSI LTD., and SHENZHEN HONGQUAN INTERNATIONAL CO., LTD.

        Defendants.

No. 23-cv-07764 (KPF)

**DEFAULT JUDGMENT ORDER**

     **THIS CASE** having been commenced by Kids Squad LLC ("Plaintiff") against Defendants Guangzhou Hui De E-Trade Co., Ltd., Guangzhou Yikong Electronic Commerce Co. Ltd., Shenzhen Shi Yanwu Zhineng Jiaju Youxian Gongsi Ltd., and Shenzhen Hongquan International Co., Ltd. (collectively, the "Defendants") and using online Amazon accounts identified in Amazon's production (the "Defaulting Defendant Amazon Storefronts"), and Plaintiff having moved for entry of Default and Default Judgment against Defendants Guangzhou Hui de E-Trade Co., Ltd. and Guangzhou Yikong Electronic Commerce Co., Ltd. (collectively, the "Defaulting Defendants");

     Plaintiff having properly completed service of process on Defaulting Defendants pursuant to the methods authorized in the Court's order of September 6, 2023, Dkt. No. 12, the combination of providing notice via electronic publication or email, along with any notice that Defaulting Defendants received from Amazon, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

**THIS COURT FURTHER FINDS** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, Defaulting Defendants are reaching out to do business with New York residents by operating Defaulting Amazon Storefronts through which New York residents can purchase products ("Infringing Products") that infringe at least Claim 1 of Plaintiff's U.S. Patent No. 11,684,863 (the "'863 Patent") identified within Plaintiff's Complaint. Dkt. No. 5.

**THIS COURT FURTHER FINDS** that Defaulting Defendants are liable for willful federal Patent infringement.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Default Judgment is entered against Defaulting Defendants.

Accordingly, this Court ORDERS that:

1. Defaulting Defendants, their parent companies, subsidiaries, agents, officers, employees, and attorneys, and other persons who are in active concert or participation with them be permanent enjoined from:

> a. Making, using, offering to sell, or selling within the United States, or importing into the United States, or actively inducing others to make, use, offer to sell, or sell within the United States or to import into the United States: (i) any Infringing Products identified in the Complaint [Dkt. No. 5], or (ii) any product that infringes the '863 Patent;

  b. Using, linking to, transferring, selling, or otherwise exercising control over the Defaulting Amazon Storefronts, or any other domain name or online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell Infringing Products;

  c. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and which infringes the '863 Patent; and

  d. Operating and/or hosting websites and/or any other web presence registered or operated by Defaulting Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product that infringes the '863 Patent.

2. Those in privity with Defaulting Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, shall within three (3) business days of receipt of this Order:

  a. disable and cease providing services for any accounts through which Defaulting Defendants engage in the sale of Infringing Products.

  b. disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of Infringing Products; and

  c. take all steps necessary to prevent links to the Defaulting Amazon Storefronts from displaying in search results, including, but not limited to, removing links to the Defaulting Amazon Storefronts from any search index.

3. Those in privity with Defaulting Defendants and with actual notice of this Order, including third party platforms Amazon, PayPal, shall within two (2) business days search and provide resulting discovery for Defaulting Defendant Accounts based on identifying information provided by Plaintiff's counsel, including but not limited to, account IDs, legal names, and associated email addresses.

4. Amazon.com ("Amazon") and any related companies and affiliates shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants from transferring or disposing of any money or other of Defaulting Defendants' assets.

5. Pursuant to 35 U.S.C. § 284, Plaintiff has established $20,906.89 in the form of lost profits as a result of Defaulting Defendants' patent infringement. The Court finds that Defaulting Defendants' patent infringement as alleged and supported was willful, egregious and otherwise knowing and culpable warranting trebling of damages. Therefore, Defaulting Defendants shall pay Plaintiff $62,720.67 in damages.

6. The Court finds that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and therefore, Plaintiff is entitled to an award of reasonable attorneys' fees. The Court finds that Plaintiff has established that the time spent and hourly rates incurred in prosecuting this matter were reasonable, and therefore Defaulting Defendants shall pay Plaintiff $25,550 to reimburse Plaintiffs' attorneys fees.

7. Pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920, as the prevailing party, Plaintiff is entitled to recover taxable costs. In addition, under 35 U.S.C. §§ 284, 285, the Court has the discretion to award other, non-taxable costs and expenses. Exercising its discretion, the

Court awards Plaintiff $402 in reasonable litigation costs, which Defaulting Defendants are obligated to pay.

8. With respect to all awarded amounts, Plaintiff is entitled to statutory interest of 8.25% per annum upon entry of this judgment.

9. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Amazon are hereby released to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. Until Plaintiff has recovered full payment of monies owed by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

   a. Locate all accounts and funds connected to Defaulting Defendants, or Defaulting Amazon Storefronts, including, but not limited to, any accounts;

   b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   c. Release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

9. In the event that Plaintiff identifies any additional online marketplace accounts, domain names, or financial accounts owned by Defaulting Defendants, Plaintiff may send notice

of any supplemental proceeding to Defaulting Defendants by email at the email addresses identified by Plaintiff and any email addresses provided for Defaulting Defendants by third parties.

11. Plaintiff may serve this Order on third party providers including Amazon by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order and Preliminary Injunction Order on third party providers.

12. The Court releases the Two Thousand U.S. Dollar ($2,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Garson Ségal Steinmetz Fladgate LLP, 164 West 25th Street, Suite 11R, New York, NY 10001; and

13. This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order. The Clerk of Court is otherwise directed to terminate all pending motions, adjourn all remaining dates, and close this case.

Dated: September 25, 2024
New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge